Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**

**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted): Noah D. Reed | | Docket or Case No.: 23-3132-JWL |
| Place of Confinement: Lansing Correctional Facility | | Prisoner No.: 0071014/0 |
| Petitioner (include the name under which you were convicted) Noah D. Reed | v. | Respondent (authorized person having custody of petitioner) Gloria Gerther |
| The Attorney General of the State of | | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Butler County, 201 W. Pine, Suite 101, El Dorado, Ks 67042; the Superior Ct of Kansas 301 SW 10th Ctrle, Ka 66612

    (b) Criminal docket or case number (if you know): 2021-cv-000160; 23-194991-C

2. (a) Date of the judgment of conviction (if you know): Jan. 15, 2020

    (b) Date of sentencing: Feb. 03, 2022

3. Length of sentence: Dismissed

4. In this case, were you convicted on more than one count or of more than one crime?     Yes ☐     No ☑

5. Identify all crimes of which you were convicted and sentenced in this case: Tort Claim Civil Case.

    _____

    _____

    _____

6. (a) What was your plea? (Check one) N/a

    (1) Not guilty ☐          (3) Nolo contendere (no contest) ☐

    (2) Guilty ☐              (4) Insanity plea ☐

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _N/a_

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☐        Judge only ☐  N/a

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?

Yes ☑  No ☐

9. If you did appeal, answer the following:

(a) Name of court: _Butler District Court_

(b) Docket or case number (if you know): _22-124,991-a_

(c) Result: _Dismissed_

(d) Date of result (if you know): _Jun 15, 2022_

(e) Citation to the case (if you know): _____

(f) Grounds raised: _The garnishment of the economic impact payment deposited into his inmate trust account violated the Taking Clause of the Fifth Amendment and his right to due process under the Fourteenth Amend. as well as the Consolidated Appropriations Acts (See Attach.)_

(g) Did you seek further review by a higher state court?     Yes ☑  No ☐

If yes, answer the following:

(1) Name of court: _The Supreme Court of Kansas_

(2) Docket or case number (if you know): _22-124,991a_

(3) Result: _Affirmed_

(4) Date of result (if you know): _Dec. 16, 2022_

(5) Citation to the case (if you know): _124,991_

(6) Grounds raised: _Fifth Amendment Takings Claim/ C.AA_

_____

_____

_____

Page 4

(h) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _n/a_____

(2) Result: _____n/a_____

_____

(3) Date of result (if you know): _n/a_____

(4) Citation to the case (if you know): _____n/a_____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☐  No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _n/a_____

(2) Docket or case number (if you know): _n/a_____

(3) Date of filing (if you know): _n/a_____

(4) Nature of the proceeding: _n/a_____

(5) Grounds raised: _n/a_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐  No ☑

(7) Result: _n/a_____

(8) Date of result (if you know): _n/a_____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _n/a_____

(2) Docket or case number (if you know): _n/a_____

(3) Date of filing (if you know): _n/a_____

(4) Nature of the proceeding: _n/a_____

(5) Grounds raised: _n/a_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ☐  No ☑

(7) Result: ____ n/a _____

(8) Date of result (if you know): ____ n/a _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: ____ n/a _____

    (2) Docket or case number (if you know): ____ n/a _____

    (3) Date of filing (if you know): ____ n/a _____

    (4) Nature of the proceeding: ____ n/a _____

    (5) Grounds raised: ____ n/a _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      Yes ☐  No ☑

(7) Result: ____ n/a _____

(8) Date of result (if you know): ____ n/a _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1)  First petition:        Yes ☑  No ☐

    (2)  Second petition:    Yes ☐  No ☐

    (3)  Third petition:     Yes ☐  No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: ____ n/a ____

_____

_____

_____

Page 6

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** Fifth Amendment Takings Claim/ CAA

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The seizer on a technicality - that payment arrived as a refund rather than as an encoded economic impact payment. The garnishment of two U.S. Treasury payments constituted a taking of private property under the Fifth Amendment. The Gov. garnished w/o providing adequate post-deprivation remedy.

(b) If you did not exhaust your state remedies on Ground One, explain why: n/a

(c) **Direct Appeal of Ground One:**

　(1) If you appealed from the judgment of conviction, did you raise this issue?

　　Yes ☑ No ☐

　(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　Yes ☑ No ☐

　(2) If your answer to Question (d)(1) is "Yes," state:

　Type of motion or petition: 60-1501 Habeas Corpus Civil Tort Claim

　Name and location of the court where the motion or petition was filed: Butler District Court 201 W Pine, Suite 101, El Dorado, KS 67042.

　Docket or case number (if you know): 2021-CV-0000162

　Date of the court's decision: Jan. 15, 2022

Page 7

Result (attach a copy of the court's opinion or order, if available): _(attatched)_ _affirmed_ _____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _The Supreme Court of Kansas, 301 S.W. 10th Ave. Topeka, Ks 66612_

Docket or case number (if you know): _22-124,991-A_

Date of the court's decision: _Dec. 16,2022_

Result (attach a copy of the court's opinion or order, if available): _Dismissal affirmed_

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _n/a_

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _EVERY AVAILABLE OPTION & APPEALS_

_____

**GROUND TWO:** _Fourteenth Amend. that the D.ct. didn't determine that all the deducted payments went to costs & the court fines & restitution_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _DOC confiscated economic payments & didn't put any towards restitution, court fines and costs, therefore improperly garnishing CCA payments._

_____

_____

_____

Page 8

(b) If you did not exhaust your state remedies on Ground Two, explain why: _n/a_____

_____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did _not_ raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _KSC 60-1501 Habeas Corpus_

Name and location of the court where the motion or petition was filed: _Butler District Court 201 W. Pine, Suite 101 El Dorado, Ks 67042_

Docket or case number (if you know): _2021-CV-000162_

Date of the court's decision: _Jan. 15, 2022_

Result (attach a copy of the court's opinion or order, if available): _affirmed dismissal_

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _The Supreme Court of Kansas, 301 S.W. 10th Ave. Topeka, Ks 66612_

Docket or case number (if you know): _22-124,991-a_

Date of the court's decision: _Dec. 16, 2022_

Result (attach a copy of the court's opinion or order, if available): _Dismissal affirmed_

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*n/a*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: *EVERY AVAILABLE OPTION & APPEALS*

**GROUND THREE:** *First & 8th amend. pursuant to wanton negli- gence, & substantive limitation of property in retaliation*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): *Shocking & intolerable conduct of a deliberate indiff- erence to protecting inmates from violence & harm in retaliation to a protected conduct of petitioning the court to addressing grievance.*

(b) If you did not exhaust your state remedies on Ground Three, explain why: *n/a*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: *n/a*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *KSA 60-1501*

Name and location of the court where the motion or petition was filed: *Butler District Court, 201 W. Pine, Suite 101; El Dorado, KS 67042*

Docket or case number (if you know): _2021-CV-000162_

Date of the court's decision: _Jan. 15, 2022_

Result (attach a copy of the court's opinion or order, if available): _affirmed_
_dismissal_

(3) Did you receive a hearing on your motion or petition?

    Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

    Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _The Supreme Court_
_of Kansas, 301 S.W. 10th Ave. Topeka, Ks. 66612_

Docket or case number (if you know): _22-124, 991-A_

Date of the court's decision: _Dec. 16, 2022_

Result (attach a copy of the court's opinion or order, if available): _Dismissal._
_affirmed_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/a_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _EVERY AVAILABLE_
_OPTION & APPEALS_

**GROUND FOUR:** _N/a_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _N/a._

(b) If you did not exhaust your state remedies on Ground Four, explain why: _n/a_

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _n/a_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _n/a_

Name and location of the court where the motion or petition was filed: _n/a_

Docket or case number (if you know): _n/a_

Date of the court's decision: _n/a_

Result (attach a copy of the court's opinion or order, if available): _n/a_

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _n/a_

Docket or case number (if you know): _n/a_

Date of the court's decision: _n/a_

Result (attach a copy of the court's opinion or order, if available): _n/a_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: n/a

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: n/a

13. **EXHAUSTION** - Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?          Yes ☐   No ☐

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: n/a

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: n/a

14. **SUCCESSIVE  APPLICATIONS** -  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?          Yes ☐   No ☑

   If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available. _____

Page 13

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____ n/a _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____ n/a _____

_____

(b) At arraignment and plea: _____ n/a _____

_____

(c) At trial: _____ n/a _____

_____

(d) At sentencing: _____ n/a _____

_____

(e) On appeal: _____ n/a _____

_____

(f) In any post-conviction proceeding: _____ n/a _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____ n/a _____

_____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _ n/a _

_____

(b) Give the date the other sentence was imposed: _____ n/a _____

(c) Give the length of the other sentence: _____ n/a _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☑

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

n/a

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 15

Therefore, petitioner asks that the Court grant the following relief: _Reimbursement_
_of unFinished Funds, injunctive relief of_
_waived any garnishment order needed, & $10 million_
or any other relief to which petitioner may be entitled. _(SEE MEMORANDUM)_

_Pro-Se YA RO_
_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this
Petition for Writ of Habeas Corpus was placed in the prison mailing system on _n/a_____
_(E-Filed)_____ (month, date, year).

Executed (signed) on _6/2/23_____ (date).

_Noah Reed_
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing
this petition. _n/a_____
_____
_____

* * * * *

Noah Reed's  (ii2) MEMORANDUM

## TABLE OF CONTENTS

Nature Of Case: Pgs. (ii5)
Statement Of Issues: Pgs. (ii5) & (1)
Statement of Facts: Pgs. (1) - (3)
Arguments: Pgs. (3), (9), & (11)

Argument (1): Noah D. Reed adequately alleged that the garnishment of the economic impact payments deposited into his inmate trust account violated the takings clause of the Fifth Amendment and his right to due process under the fourteenth Amendment, as well as the Consolidated Appropriations Act. Accordingly, the Butler District Court's summary dismissal of Noah D. Reed's K.S.A. 60-1501 petition on the ground that he failed to state a claim upon which relief can be granted must be reversed, and this case remanded for further consideration, with the instruction that venue be transferred to Leavenworth District Court ... Pg. (3) & (4)

Argument (2): A liability of a Government Entity pursuant to wanton negligence, and substantive limitation of property in retaliation to complaints of creating hostile enviorments. This lead to

# Noah Reed's (113) MEMORANDUM

racial animus in the Kansas Department of Corrections, an Eighth Amendment violation from the totality of circumstances.

Argument (3): The district court erred because Noah D. Reed's facts established a due process violation as well as a deliberate indifference to his well-being claims, based on the denial of a liberty interest of the fourteenth & Eighth Amendment, based on the totality of circumstances... Pg. (11)

Standard of review... PG. (4), (9)
Washington v. Roberts, 37 Kan. App. 2d 237, 240, 152 P. 3d 660 (2007)... PG. (4)
Hill v. Simmons, 33 Kan. App. 2d 318, 320, 101 P. 3d 1286 (2004)... PG. (4); State v. Gilbert, 299 Kan. 797, 802, 326 P. 3d 1060 (2014)... PG. (9)
Discussion... PG. (4), (10) - (14)
Pub. L. 116-136, 134 Stat. 281 (2020)... PG. (4)
26 U.S.C. § 6428(a)... PG. (4)
Pub. L. 117-2, 135 Stat. 4 (2021)... PG. (4)
26 U.S.C. § 6428B(b)... PG. (4)
Pub. L. 116-260, 134 Stat. 1182 (2020)... PG. (5)
26 U.S.C. § 6428 A(a)... PG. (5)
Beal v. Davids, 2021 WL 2934835, @ *5-6 (W.D. Mich. July 13, 2021)... PG. (5)

# Noah Reed's (ii4) MEMORANDUM

U.S. Const. amend. V... PG. (5)

Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 122 (1878)... PG. (5)

Knick v. Township of Scott, 139 S. Ct. 2162, 2176 (2019)... PG. (5-6)

Blanchette v. Conn. Gen. Ins. Corps., 419 U.S. 102, 151 (1974)... PG. (6)

Bauman v. Ross, 167 U.S. 548, 584 (1897)... PG. (6)

United States v. Winnebago Trib. of Nebr., 542 F.2d 1002, 1006 (8th Cir. 1976)... PG. (6)

United States v. Miller, 317 U.S. 369, 373 (1943)... PG. (6)

U.S. Const. amend. XIV, §1... PG. (6)

Hayes v. Graves, 2022 WL 822881, at *5-6 (E.D. Ark. Mar. 16, 2022)... PG. (6)

Hudson v. Palmer, 468 U.S. 517, 533 (1984)... PG. (7)

Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)... PG. (7)

Mathews v. Eldridge, 424 U.S. 319, 335 (1976)... PG. (7)

Mahers v. Halford, 76 F.3d 951, 954 (8th Cir. 1996)... PG. (7)

Matson v. Kansas Dep't. of Corr., 301 Kan. 654, 346 P.3d 327 (2015)... PG. (8)

Hooks v. Atoki, 983 F.3d 1193 (10th Cir. 2020)... PG. (4)

State v. Scott, 265 Kan. 1, Syl. 91, 961 P.2d 667 (1998)... PG. (9)

Cohen v. Battaglia, 296 Kan. 542, 545-46, 293 P.3d 752 (2013)... PG. (8)-(9)

Tonner v. Mitchell, 245 Kan. 204, 777 P.2d 789 (1989)...

Calhoun v. Hargone, 312 F.3d 730 (5th Cir. 2002)... PG. (11)

# Noah Reed's (115) MEMORANDUM

Cupples V. State, 18 Kan. App. 2d 864, 869, 861 P. 2d 1360 (1993)... PG. (13)

Berry V. City of Muskogee, 900 F. 2d 1489, 1495 (10th Cir. 1990)... PG. (13)

Farmer V. Brennan, 511 U.S. 825, 828-30, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)... PG. (13)

Strain V. Regalod, 997 F. 3d 984, 991 (10th Cir. 2020)... PG (13)

CONCLUSION... PG. (15)

CERTIFICATE OF SERVICE... (Last PG.)

## STATEMENT OF THE CASE

Petitioner Noah D. Reed appeals from the denial of his petition for Habeas Corpus pursuant to the K.S.A. 60-1501, & 75-6103 Liability of a Gov. Entity.

## STATEMENT OF ISSUES, arguments (1), (2), & (3)

Did Noah D. Reed adequately allege that garnishment of the economic impact payments deposited into his inmate trust account violate the takings clause of the Fifth Amendment and his right to due process under the Fourteenth Amendment, considered a liability of a government entity, as well as the Consolidated Appropriations Act in retaliation to complaints of a "deliberate indifference" to his arbitraged purchased property, and toward his safety?

(1)   MEMORANDUM

And if so, must the Butler District Court's summary dismissal of Noah D. Reed's K.S.A. 60-1501 petition on the ground that he failed to state a claim upon which relief can be granted be reversed, and this case get remanded for further consideration, with the instruction that venue be transferred to Leavenworth District Court?

## STATEMENTS OF FACTS

From the totality of circumstances of confinement conditions constitutes cruel and unusual punishment, NOT merely harsh or restrictive. The error was so substantial and prejudicial to dismiss valid claims on any possible theory of deliberate indifference, by failing to intervene during a vicious, gang-related jailhouse aggravated assult on September 4, 2017 at El Dorado Correctional Facility on Noah D. Reed, was stabbed in which Butler Districts Senior Judge dismissed, commiting error and stating N. Reed was stabbed at another facility in his biased order, because N. Reed is NOT a gang member. Cite to K.S.A. 19-1919 and its mandate that "all prisoners shall be treated with humanity". These conditions implicate a liberty interest, because imposed conditions lead to a significant hardship on N. Reed in

(2)   MEMORANDUM

relation to ordinary incidents of prison life." The deliberate indifference standard is equally applicable to the failure to protect inmates from violence and harm. A prison officials deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.

Wherefore in retaliation to protected conduct, of exhausting in-house remedies of complaints in regard to hostile environments is an on-going adverse action with casual connection...

On February 18, 2021, a $600 payment from the United States Treasury — apparently stimulas money under the Consolidated Appropriations Act — was deposited into Reed's inmate trust account. Then on April 29, 2021, a $1400 payment from the United States Treasury — apparently stimulas money under the American Rescue Plan Act — was deposited into Reed's inmate trust account. The Kansas Department of Corrections immediately confiscated all of the first payment, and a significant portion of the second. From El Dorado Correctional Facility, Reed attempted to follow the "chain of command" and submitted a grievance in which he disputed the amount deducted, only to be told that because they were made when he was at Hutchinson Correctional Facility, he needed to

(6)   MEMORANDUM

there is no basis to enjoin the goverment's action
effecting a taking." Knick V. Township of Scott, 139 S.
Ct. 2163, 2176 (2019). "[C]onsideration other than cash...
may be counted in the determination of just compensation."
Blanchette V. Conn. Gen. Ins. Corps., 419 U.S. 102, 151
(1974) [citing Bauman V. Ross, 167 U.S. 548, 584 (1897).
   Such compensation means the full & perfect
equivalent in money of the property taken. The
owner is to be put in as good [a] position pecuniar
-ily as he would have occupied if his property
had not been taken.
United States V. Miller, 317 U.S. 369, 373 (1943)
[quoting next, after case law previously quoted cite.]
United States V. Winnebago Tribe of Neb., 542 F.2d 1002,
1006 (8th Cir. 1976 [previously quoted]. One federal district
court has determined that prisoners recieve just
compensation when stimulus funds are put towards
debts, existing court fines, fees, costs, or restitution,
as well as when those funds are put towards
debts owed to the penitentiary, because the prisoner
recieves a reduction in debt owed, but not when
payments are put towards other funds. See Hayes V.
Graves, 2022 WL 822881, @ *5-6 (E.D. Ark. Mar. 16, 2022).
   A "State (can not) deprive any person of life, liberty,
or property, without due process of law." U.S. const7.
amend. XIV, §1. An intentional deprivation of property
does not violate due process if there is an

(7)

# MEMORANDUM

if there is an adequate post-deprivation remedy. Hudson V. Palmer, 468 U.S. 517, 533 (1984). But when "the property deprivation is effected pursuant to an established state procedure," a post-deprivation state remedy does not satisfy due process. Id. @ 534 [citing Logan V. Zimmerman Brush Co., 455 U.S. 422 (1982)].

The procedure that is "due" varies with the circum-stances, and is determined by weighing (1) the import-ance of the individual interest involved, (2) the value of specific procedural safeguards to that interest, and (3) the government interest in fiscal and administrative efficiency. Mathews V. Eldridge, 424 U.S. 319, 335 (1976).

Balancing these factors, the Eighth Circuit determin-ed that a prison's across-the-board policy of deducting twenty percent from money received by inmates from outside sources and paying that money towards criminal restitution does not violate inmates' procedural due process rights. See Mahers V. Halford, 76 F.3d 951, 954 (8th Cir. 1996). Finding Mahers author-itative as to restitution and highly persuasive as to court fines, fees, and costs, the Hayes court conclu-ded that procedural due process was satisfied for confiscated economic impact payments put towards restitution, court fines, fees, and costs but not for payments put towards other funds. 2022 WL 822881, @ *6 (citation omitted).

(8) MEMORANDUM

However inartfully pleaded, Noah D. Reed alleged that the garnishment of his economic impact payments violated the takings clause of the Fifth Amendment and his right to due process under the Fourteenth Amendment, as well as the Consolidated Appropriations Act's prohibition against execution, levy, attachment, garnishment, or other legal process. Regarding Reed's Fifth Amendment takings clause claim, the district court did not determine whether any of the amounts deducted from his economic impact payments provided him with a dollar-for-dollar benefit. And regarding Reed's Fourteenth Amendment due process clause claim, the district court did not determine that all deducted economic impact payments went towards restitution, court fines, fees, and costs. Not that Butler District Court can do so anyway. Because the inmate trust fund is a trust subject to the Uniform Trust Code, that venue provision applies to Reed's action, and thus exclusive venue is in Leavenworth County where the inmate trust fund is administered. Matson v. Kansas Dept. of Corr., 301 Kan. 654, 346 P.3d 327 (2015).

When considering the well pleaded facts in a light most favorable to N. Reed, which requires the Court to assume the truth of these facts as well is any reasonable inference that may be drawn from them. If the facts as plead state any claim upon

(9)   MEMORANDUM

which relief must be granted, then dismissal was
improper. See Cohen V. Battaglia, 296 Kan. 542, 545-
46, 293 P.3d 752 (2013). "Whether the district court
correctly construed a pro se pleading is a question
of law subject to unlimited review." State V. Gilbert,
299 Kan. 797, 802, 326 P.3d 1060 (2014).

### ARGUMENT(2)

(a.) K.S.A. 75-6103 Liability of a Government Entity
is the matter at hand pursuant to wanton negligence,
and substantive limitation of property in retaliation
to complaints of creating hostile enviorments, lead
to systemic racial animus in the Kansas Dept.
of Corrections, an Eighth & Fourteenth Amendment violation
from the totality of circumstances.

### STANDARD OF REVIEW

This wanton negligence action carries four elements
of burden. (1) The duty owed to (I). Reed is and was
safety provided to intervene during Sept. 4, 2017 at
E.D.C.F. a vicious, gang related prison assult
that should've never happen, but being transfered
away for safety and sent back in retaliation to
complaints. See Hooks V. Atoki, 983 F.3d 1193 (10th Cir. 2020).
Nevertheless this action clarifies that this here
deliberate indifference is not restricted to the
medical treatment context. See State V. Scott,
265 Kan. 1, Syl. ¶ 1, 961 P.2d 667 (1998)

(10) MEMORANDUM

The Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution and §9 of the Kansas Constitution Bill of Rights are nearly identical and are to be construed similarly. (2) A breach of that duty on Sept. 4, 2017 is contrary to the district judges' pretrial orders that were partial to N. Reed in many respects. (3) Causation between the breach of the duty and injury to N. Reed explained through-out thoroughly amounts to the totality of circumstances. (4) Damages suffered is being stabbed, transfered away then sent right back in retaliation to a hostile environment to afflict, mental and emotional anguish.

## DISCUSSION

The chain conspiracy ensued in retaliation to ignore pleas of protection from discrimination, and being denied due processing under the Fourteenth Amendment to the U.S. Constitution. Wherefore ultimately this here challenges K.D.O.C's policies and procedures that indicate and implicate a liberty interest, because imposed conditions lead to a significant hardship on Noah D. Reed in relation to the ordinary inci--dents of prison life. The deliberate indifference standard is equally applicable to the failure to protect inmates from violence and harm to an inmate, violates the Eighth Amendment from the totality of the circumstances.

## (11)  MEMORANDUM

Under the Equal Protection Clause of the Fourteenth Amendment, this challenges policies and conduct thats discriminatory intent is soley systemic racism animus, because "African Americans" consistently makes up a greater proportion of those detained in K.D.O.C's seg. units, specifically El Dorado's. This creates a "campaign of harassment," see Calhoun V. Hargrove, 312 F.3d 730 (5th Cir. 2002).

OFS THE ISSUE ON COURT CONTEMPT, BEING A SELECTIVE INCORPORATION, INDIRECT CONTEMPT, TO STARE DECISIS CONTROVERSY, in a CHAIN CONSPIRACY!

### ARGUMENT (3)

The district court erred because Noah D. Rood's facts established a due process violation, as well as a deliberate indifference to his well-being claims from the denial of a liberty interest of the Eighth & Fourteenth Amendment based soley on the totality of circumstances.

### DISCUSSION

The prison conditions are cruel and unusual, not merely harsh or restrictive, due to retaliation, way of these created hostile enviornments are the totality from the conditions of confinement. Being ~ deprived of the purchased property of a television, hot pot, & shoes, but NOT my neighbors James Grover # 71503 & Julio Fraire # 100594

(12.)            MEMORANDUM

are examples of discrimination, they're possession of their television, hot pot, & shoes, but Noah D. Reed can't have his on the same status, in the same cell house, confined to restrictive housing has brought incredible distress from this outrageous conduct; creates a deliberate indifference. Suffering wrong-full conduct, & negligence. The "Warden" has knowingly violated his lawfull duties in retaliation to safety concerns of gang-related aggravated assults, in regards to the viability of a deliberate indifference to the context of correct-ional officers' failure to protect Noah D. Reed on September 4th, 2019 at E.D.C.F. See Tennant v. Miller, no. 13-2143-E7M, 2014 WL 289497, @ *3 (D. Kan. 2014) when gaurds turned a blind eye to an attack, such incident constitutes a significant hardship. The Kansas Dept. of Corrections's Internal Manage-ment Policy & Procedure no. 12-120(a), attatchment (J)1-4 adds the insult to injury. This resulted in conditions that were a significant departure from the ordinary general population allowed person--al property, to discriminate offenders from their "favorites" whose seg. allowed property has been limited ONLY to an abuse of discretion due only to the Economic Impact Payments, in retaliation to complaints exhausted. To add insult to injury this contradicts K.D.O.C.'s. I.M.P.P. 11-101a(5) V.A. 1, 146 (9)(4)(3)(1)

(13) MEMORANDUM

See Cupples V. State, 18 Kan. App. 2d 864, 869, 861 P. 2d 1360 (1993). "The objective component is met if the deprivation is 'sufficiently serious'." Discrimination is sufficiently serious when a person who came to admin. seg.-"Special Management" before adopted policy-I.M.P.P. 12-120 (a), attachment (J) (1-4) effec--tive date were enforced can have their purchased T.V., hot pot, & shoes, but due to N. Reed's Sept. 4, 2017 incident (being stabbed, the only time ever) of intentional wanton negligence, & being on admin. Seg.-"Special Management", he can't recieve his purchased property in retaliation to complaints. In Cupples, this court approvingly quoted the Tenth Circuit's explanation of theory in Berry V. City of Muskogee, 900 F. 2d 1489, 1495 (10th cir. 1990), that deliberate indifference-requires more than negligence, and that "an official or municipality acts with deliberate indifference if its adopted policy (in this case) disregards a known or obvious risk that is very likely to result in the violation of a prisoner's Constitutional rights". 18 Kan. App. 2d at 869. Inmates need not show intentional harm. Farmer, 511 U.S. at 835. See also: Strain V. Regalda, 977 984, 991 (10th cir. 2020) ("deliberate indifference often stems from inaction.") In this instance "it stems from Sept. 4th 2017 incident to April 5th, 2021 grievance no. BA 000187391, in retaliation to being overcharged

(14)   MEMORANDUM

on exempt benefit payments for debts owed to the penitentiary; while not recieving incentive pay according to K.D.O.C's. I.M.P.P. no. 90-109(a) pg. 5 of 8 C³. (a, b, & c), exhibit (D4) pertaining to the exceptions for incentive pay per policy. While exhibit (77) is the policy no. 11-101a at V.s.l, concerning restrictive housing that contradicts I.M.P.P. 12-120 (a). Wherefore thats necessary to clarify the exact emphasis on deliberate indifferences to due process, proving discrimination.

So, the district court's incomplete reading of the petition led to its failure to acknowledge theories in which N. Reed may have been entitled relief. Summary dismissal was therefore inappropriate. See Germann V. Conover, No. 110,643, 2014 WL 3397814, at *4 (Kan. App. 2014) (unpublished opinion) ("Germann has sufficiently alleged due process violation in his K.S.A. 60-1501 petition to preclude summary dis--missal.... The district court should not have summarily dismissed the petition.")

(15)   MEMORANDUM

## CONCLUSION

For the foregoing reasons, this Court reverse the Butler District Court and remand for further consideration of Noah D. Reed's K.S.A. 60-1501 petition, with the instruction that venue be transferred to Leavenworth District Court, & request that this court orders an emergency transfer, for the callous punitive indifference deliberate indifference explained PRo-Se."

Respectfully Submitted,

Noah D. Reed

Kristen B. Patty, KS No. 14714
Attorney at Law
P.O. Box 3545
Wichita, KS 67201–3545
Telephone: (316) 651–0030
E-fax: (312) 261–9954
E-mail: KristenBPatty@gmail.com

## IN THE SUPREME COURT OF THE STATE OF KANSAS

NOAH DEMETRIUS REED,          )
                                                 )
    **Petitioner-Appellant,**   )
                                                 )     **Appellate Case No.:**   22–124,991–A
    **v.**   )     County Appealed From:   Butler
                                                 )     **District Court Case No.:**   21–CV–162
JEFF BUTLER, WARDEN,          )
                                                 )
           **Respondent-Appellee.**   )

## RULE 8.03A SUMMARY PETITION FOR REVIEW

1.    ***Prayer for Review.*** Petitioner-Appellant Noah Demetrius Reed files this summary petition for review under KAN. S.CT. R. 8.03A to request that this Court review and reverse the decision of the Court of Appeals.

2.    ***Date of Decision.*** December 16, 2022.

3.    ***Issues for Which Review Is Sought:*** Did the Court of Appeals err in concluding that Reed had not adequately alleged that the garnishment of the economic impact payments deposited into his inmate trust account violated the takings clause of the Fifth Amendment and his right to due process under the Fourteenth Amendment, as well as the Consolidated Appropriations Act, warranting the granting of review, reversal of both the Court of Appeals and Butler District Court's summary dismissal of Reed's K.S.A. 60–1501 petition on the ground that he failed to state a claim upon which relief can be granted, and remand for further consideration, with the instruction that venue be transferred to Leavenworth District Court?

4.    ***Statement of Facts.*** Except as otherwise may be stated below, Reed incorporates the facts from the Court of Appeals' opinion.

5.    ***Argument.*** Reed argues that the Court of Appeals erred in concluding that he had not adequately alleged that the garnishment of the economic impact payments deposited into his inmate trust account violated the takings clause of the