IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NOAH D. REED,**

                       **Petitioner,**

      v.                                                **CASE NO. 23-3132-JWL**

**GLORIA GEITHER,**

                       **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by state prisoner Noah D. Reed, who is currently incarcerated at Lansing Correctional Facility in Lansing, Kansas. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which will be granted, and a motion for appointment of counsel (Doc. 3), which will be denied for the reasons explained below. The Court also has conducted an initial review of the amended petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, for the reasons explained below, will direct Petitioner to show cause why this matter should not be dismissed in its entirety.

**Background**

In 2017, a jury in the District Court of Sedgwick County, Kansas convicted Petitioner of attempted second-degree murder, aggravated kidnapping, and criminal threat. *See Reed v. Kansas*, 2022 WL 705341, *1 (D. Kan. March 9, 2022) (unpublished notice and order to show cause). He was sentenced to 685 months in prison, and his convictions were confirmed by the Kansas Court of Appeals (KCOA); the Kansas Supreme Court (KSC) denied his subsequent petition for review on September 27, 2019. *Id.*

In early 2021, the United States Treasury deposited two payments into Petitioner's inmate

trust account. *Reed v. Butler*, 2022 WL 17729724, *1 (Kan. Ct. App. Dec. 16, 2022) (unpublished), *rev. denied* March 28, 2023. According to Petitioner, the payments were stimulus payments made under the Consolidated Appropriations Act (CAA) and the American Rescue Plan Act. (Doc. 1, p. 20.) Petitioner asserts that the Kansas Department of Corrections (KDOC) "immediately confiscated" the entire first payment and "a significant portion of the second." *Id.* Petitioner unsuccessfully challenged the KDOC's actions, first through administrative remedies and then through a state habeas corpus petition filed under K.S.A. 60-1501. *Reed*, 2022 WL 17729724, at *1.

Petitioner then filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) As Ground One, he asserts that the KDOC's seizure of the payments was an unconstitutional taking, in violation of the Fifth Amendment to the United States Constitution and the CAA. *Id.* at 5. As Ground Two, Petitioner asserts that because the KDOC did not put any of the money toward restitution, court fines, or costs, it improperly garnished the payments, in violation of the Fourteenth Amendment and the CAA. *Id.* at 6. As Ground Three, he asserts a violation of his rights under the First and Eighth Amendments, claiming that he was subject to wanton negligence and a substantial limitation of property and that he was retaliated against because he petitioned the courts to address his grievances. *Id.* at 8. Specifically, Petitioner asserts that the retaliation manifested as a deliberate indifference to the responsibility to protect him from violence and harm. *Id.* As relief, Petitioner seeks reimbursement of the funds in question, "injunctive relief of waived any garnishment order needed," and $10,000,000.00. *Id.* at 14.

**Rule 4 Review**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

Even liberally construing the petition now before the Court, Petitioner has not stated a claim for relief that is available in habeas corpus. Petitioner utilized the court-approved form for petitions filed pursuant to 28 U.S.C. § 2254. To obtain habeas corpus relief under § 2254, however, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Thus, when a state prisoner seeks habeas relief under § 2254, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). But even liberally construing the petition, Petitioner does not challenge his convictions. Rather, he challenges the KDOC's actions with respect to the money in his institutional account.

Similarly, Petitioner seeks relief that is not available in a habeas matter. "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). A person in custody pursuant to the judgment of a State court may seek relief under § 2254 on the grounds that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Petitioner does not seek release from custody. Rather, he seeks monetary reimbursement and money damages[1], which are not available in this federal habeas matter.

Petitioner is therefore granted to and including July 6, 2023, to show cause, in writing, why this matter should not be dismissed without prejudice for failure to state a claim upon which federal habeas relief may be granted. If Petitioner successfully does so, the Court will issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

---

[1] The Court recognizes that Petitioner has also requested injunctive relief, but the petition is not clear as to what type of injunctive relief Petitioner seeks.

**Motion to Appoint Counsel (Doc. 3)**

Petitioner has filed a motion to appoint counsel. (Doc. 3.) There is no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). When deciding whether to appoint counsel, the Court considers "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

At this early point in these proceedings, the Court is not convinced that the interest of justice requires appointment of counsel. As explained above, this matter currently is subject to dismissal for failure to state a claim upon which federal habeas relief can be granted. If Petitioner shows good cause why this matter should not be dismissed and this matter proceeds, Petitioner may renew his request for appointment of counsel. At the present time, however, the motion will be denied without prejudice.

**IT IS THEREFORE ORDERED** that Petitioner is granted until July 6, 2023, in which to show good cause, in writing, why this matter should not be dismissed for failure to state a claim on which federal habeas relief can be granted.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that the motion to appoint counsel (Doc. 3) is **denied**

**without prejudice.**

      **IT IS SO ORDERED.**

      DATED:   This 6th day of June, 2023, at Kansas City, Kansas.

                                                <u>S/ John W. Lungstrum</u>

                                                JOHN W. LUNGSTRUM
                                                United States District Judge