IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NOAH D. REED,

                                                 **Petitioner,**

        v.                                                             CASE NO. 23-3132-JWL

**GLORIA GEITHER,**

                                                 **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Kansas state prisoner Noah D. Reed to challenge the Kansas Department of Corrections' seizure of payments into his inmate account. (Doc. 1.) The Court conducted a review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that it failed to state a claim for relief that is available in a federal habeas matter because it neither challenged a state conviction nor sought release from custody. Accordingly, on June 6, 2023, the Court directed Petitioner to show cause why this matter should not be dismissed without prejudice. (Doc. 4.) The order set the response deadline as July 6, 2023 and cautioned Petitioner that if he "fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner." *Id.* at 3.

The deadline to respond to the order to show cause has passed and Petitioner has not filed a response. Thus, the Court will dismiss this matter without prejudice for failure to state a claim for relief that is available in a federal habeas action, as set forth in the previous order. *See id.* at 1-3. Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a

certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to state a claim on which habeas relief can be granted and failure to seek relief available in a federal habeas matter. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 12th day of July, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge